UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICK J. MULHERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ADT SECURITY SERVICES, LLC, | ) CAUSE NO.: 2:18-CV-229-TLS |
| PROTECTION ONE ALARM | ) |
| MONITORING, INC., and PRIME | ) |
| SECURITY SERVICES TOPCO | ) |
| PARENT, L.P., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Parties' Joint Motion to Enter Consent Order and Decree [ECF No. 30], filed on November 6, 2019. In the proposed Consent Decree, the parties ask that the Court dismiss the case with prejudice but retain jurisdiction for the purposes of enforcing the Consent Decree. For the following reasons the Court DENIES WITHOUT PREJUDICE the Parties' motion.

## STANDARD

There are at least two kinds of stipulated resolutions of civil actions that parties may pursue. First, a plaintiff may voluntarily dismiss a civil action by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) is as of right and effectively dismisses the case upon filing without further order of the court. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). Generally, this kind of dismissal is without prejudice unless the parties specify otherwise. Fed. R. Civ. P. 41(a)(1)(B). Stipulations of dismissal thus provide

litigants with a flexible tool to negotiate their disputes and cease litigation whenever they wish, determining for themselves, without need to consult the court, when the litigation will terminate and whether the plaintiff will be precluded from renewing his suit at a future time.

Second, the parties may request a consent decree as a means of concluding the litigation. While a stipulated dismissal under Rule 41(a) is an agreement by the parties ending the litigation, a consent decree is a discretionary exercise by the court which sets out the terms of the parties' settlement agreement and may be enforced by the court. *See United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002) (a consent decree "is a court order that embodies the terms agreed upon by the parties as a compromise to litigation"); *Schurr v. Austin Galleries of Ill., Inc.*, 719 F.2d 571, 574 (2d Cir. 1983) (describing a consent decree as "an agreement of the parties entered upon the record with the sanction and approval of the court"). A consent decree, if granted, thus allows the court continued supervision of the terms of the parties' settlement agreement, which any party to the contract may enforce by returning to the court and initiating contempt proceedings. *See Kasper v. Bd. of Election Comm'rs of the City of Chi.*, 814 F.2d 332, 338 (7th Cir. 1987) (explaining that a consent decree is "an exercise of federal power, enforceable by contempt").

As a consent decree requires the Court to expend time and resources to supervise a private settlement agreement, in choosing whether such a judgment should issue, the Court considers: 1) whether the proposed judgment is consistent with the law, 2) does not harm the legitimate interest of third parties, and 3) "is an appropriate commitment of the court's limited resources." *Id.* at 338. Litigants wishing the Court to issue a consent decree must argue why the judgment should issue and cannot expect the Court unreflectively to endorse their agreement and agree to assist in enforcing it. *See, e.g.*, *N.L.R.B. v. Brooke Indus., Inc.*, 867 F.2d 434, 436 (7th

Cir. 1989) (parties were "incorrect to contend that [the court had] no choice but to rubber stamp their proposal" by issuing a decree judgment).

## ANALYSIS

First, as stated above, consent decrees may be granted by the Court if the judgment is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources. *See Kasper*, 814 F.2d at 338. However, the parties' motion only provides that the parties have agreed to the proposed Consent Decree and Order; it does not provide reasons why a consent decree is more appropriate in this case than a stipulated dismissal nor why a consent decree would be an "appropriate commitment of the court's limited resources." *Id*. This reason alone is sufficient to deny the parties' motion.

Second, as a consent decree functions as an injunction, the parties must include all the terms explicitly in the text of the proposed Consent Decree. *See* Fed. R. Civ. P. 65(d); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006) (explaining that a court order entering judgment to enforce the parties' settlement agreement is an injunction and must satisfy Rule 65(d)); *see also Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006) (explaining that Rule 65(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents"). It is unclear whether the proposed Consent Order and Decree complies with Rule 65(d). The proposed Consent Order and Decree refers to a "confidential settlement agreement that includes, in part the Court's entry of a proposed Consent Order and Decree." To the extent that the parties intend for the terms within the "confidential settlement agreement" to be enforceable through a consent decree, all such terms must be included in the proposed Consent Order and Decree.

Another example of ambiguity occurs in paragraph one of the terms of the proposed Consent Order and Decree. The current language states, "This Consent Order and Decree relates to certain restrictive covenants in a Fourth Amended and Restated Agreement of Limited Partnership of Prime Security Services Topco Parent, L.P. ("Agreement") between the Parties." To the extent that the proposed Consent Order and Decree later includes in paragraph four a block quote of language restricting Plaintiff's future behavior, that language is enforceable, even though it is only implied that it is part of the "Agreement" that the parties referred to. To the extent that the phrase "certain restrictive covenants" refers to anything outside of the four corners of the proposed Consent Decree, it is unenforceable and violates Rule 65(d).

There are also other potential ambiguities within the proposed Consent Decree. For example, paragraph four references a time restriction of two years, but paragraph two states that "[t]he effective term . . . shall be until March 17, 2020." Paragraph four also includes terms that are likely specifically defined in the Agreement between the Parties but are not included in the Consent Decree. These include: "Subject Party"; "Person"; and "Partnership Group." If the parties choose to file an amended proposed Consent Order and Decree, they must address these and any other ambiguities in the language and incorporate all terms in the proposed order.[1] No outside terms, conditions, or documents may be incorporated by reference.

Thus, the Court DENIES WITHOUT PREJUDICE the parties' Stipulation for Entry of a Consent Decree and Order [ECF No. 30]. The parties are granted leave to (1) file a stipulated dismissal as of right pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), dismissing the entire action and signed by all the parties' representatives; (2) file a renewed motion for entry of a consent decree addressing why a consent decree would be consistent with the law, would not cause harm to the

---

[1] There may also be other ambiguities in the proposed Consent Decree that are not immediately apparent to the Court.

legitimate interest of third parties, and is an appropriate commitment of the court's limited resources and attaching an Amended proposed Consent Decree that complies with Rule 65(d); (3) file a status report with the Court; or (4) otherwise proceed in another manner as deemed appropriate by the attorneys. The Parties are ORDERED to make their next filing in this matter on or before December 31, 2019.

SO ORDERED on November 25, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT